UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


FOWL, INC.                                    CIVIL ACTION

VERSUS                                        NO: 12-283

FIDELITY NATIONAL PROPERTY                    SECTION: "J"(2)
AND CASUALTY INSURANCE CO.
ET AL

### ORDER AND REASONS

Before the Court are the United States of America and the
Federal Emergency Management Agency's Motion to Dismiss (Rec.
Doc. 9), Fowl, Inc.'s opposition to same (Rec. Doc. 11), and the
movants' reply (Rec. Doc. 15).  The motion is set for hearing on
May 23, 2012 on supporting memoranda and without oral argument.
Having considered the motion and legal memoranda, the record, and
the applicable law, the Court now issues its ruling.


### PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff Fowl, Inc. ("Fowl") brings the instant lawsuit
under a Standard Flood Insurance Policy ("SFIP") issued pursuant
to the National Flood Insurance Program ("NFIP").  The NFIP is

1

administered by defendant the Federal Emergency Management Agency
("FEMA") with the assistance of the private insurance industry.
Under the Write-Your-Own ("WYO") Program, private insurance
companies issue SFIPs.[1]  WYO insurance companies market and sell
the policies, and the federal government acts as guarantor.[2]
Fowl purchased a WYO flood insurance policy under the NFIP (the
"Policy") from defendant Fidelity National Property and Casualty
Insurance Co. ("Fidelity").

The basis of the lawsuit is Fidelity's denial of a
supplemental insurance claim made by Fowl for damage it alleges
resulted from Hurricane Gustav in September 2008.  The complaint
sets forth the following alleged facts.  At the time of Hurricane
Gustav's impact, Fowl's Policy with Fidelity was in effect.[3]  The
Policy insured Fowl against the risk of loss to its property, a
camp in Harlem, Louisiana.  Gustav damaged the foundation of the
camp, and when Fowl filed a claim with Fidelity, the latter paid
the claim for damage, which had required the replacement of

---

[1] See generally 44 C.F.R. § 62.23.

[2] See 44 C.F.R. § 62.23(f) ("*To facilitate the marketing of flood
insurance coverage* under the Program to policyholders of WYO Companies, the
Federal Insurance Administrator will enter into arrangements with such
companies whereby *the Federal Government will be a guarantor in which the
primary relationship between the WYO Company and the Federal Government will
be one of a fiduciary nature*.") (emphasis added).

[3] Rec. Doc. 1, at 2, ¶ III.  Fowl avers that FEMA is as additional
insurer.  Id., ¶ IV.

washed away mud.[4]  When the building subsequently was seen to be
sinking, Fowl had the foundation further stabilized at a cost of
$130,760.88 and made a supplemental claim to Fidelity, who denied
the supplemental claim.[5]  Fowl appealed Fidelity's denial of
coverage to FEMA, and FEMA denied the appeal approximately one
month later.[6]  As a result, Fowl filed the instant lawsuit on
January 27, 2012, seeking $130,760.88 together with statutory
penalties, costs, and interest.[7]

## THE PARTIES' ARGUMENTS

FEMA moves for dismissal on the grounds that the Court has
no subject matter jurisdiction over the claims against it because
there is no applicable waiver of sovereign immunity in this case.
FEMA avers that Fowl purchased its policy directly from Fidelity,
who participates in the WYO program.  Therefore, it argues, FEMA
is not a proper party defendant in this lawsuit, which arises
from a WYO flood insurance policy.  Additionally, FEMA argues
that its administrative review of Fidelity's denial of Fowl's

---

[4] Rec. Doc. 1, at 3, ¶ VI.

[5] Rec. Doc. 1, at 3, ¶¶ VII-IX.

[6] Rec. Doc. 1, at 3, ¶¶ X-XI.

[7] Rec. Doc. 1, at 5-6.

claim does not make FEMA amenable to suit.  It argues that its administrative review does not create a new denial or trigger a waiver of sovereign immunity.

In opposition, Fowl argues that the complaint validly states two grounds for its claim against FEMA, one alleging that FEMA is an insurer under the Policy and another that FEMA misrepresented pertinent facts relating to coverage in its letter affirming Fidelity's denial of coverage.  As to the latter ground, Fowl argues that FEMA's stated basis for its appeal decision lacks any basis in fact.[8]  Fowl argues that where FEMA went completely outside of Fidelity's decisional basis for denying coverage, and substituted a wholly new basis for denial of the claim, FEMA's appeal decision amounted to a "disallowance" of the claim within the contemplation of a statutory waiver of sovereign immunity. At the very least, Fowl argues, discovery is warranted to investigate FEMA's internal rationale for its appeal decision, in order to determine whether FEMA is susceptible to suit.

---

[8] Fowl refers to FEMA's statement, "To the extent the repair contractor either failed to assess what was necessary for the repair or did not properly execute the repair, the responsibility lies with the contractor."  Rec. Doc. 11, at 1-2.  Fowl asserts that FEMA sought no expertise to justify a belief that the repair contractor was remiss in any way.  Id. at 2.

## LEGAL STANDARD

In deciding a motion to dismiss for lack of subject matter
jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the
district court is 'free to weigh the evidence and resolve factual
disputes in order to satisfy itself that it has the power to hear
the case.'" Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th
Cir. 2005).  The party asserting jurisdiction must carry the
burden of proof for a Rule 12(b)(1) motion to dismiss.  Randall
D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 762 (5th Cir.
2011).  The standard of review for a motion to dismiss under Rule
12(b)(1) is the same as that for a motion to dismiss pursuant to
Rule 12(b)(6).  United States v. City of New Orleans, No. 02-
3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff
must plead enough facts to "state a claim to relief that is
plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678
(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547
(2007)).  A claim is facially plausible when the plaintiff pleads
facts that allow the court to "draw the reasonable inference that
the defendant is liable for the misconduct alleged." Id.  A
court must accept all well-pleaded facts as true and must draw
all reasonable inferences in favor of the plaintiff.  Lormand v.

5

U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker
v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).  The court is not,
however, bound to accept as true legal conclusions couched as
factual allegations.  Iqbal, 556 U.S. at 678.


                              **DISCUSSION**

     Federal agencies, such as FEMA, are shielded from suit by
sovereign immunity, absent an applicable waiver of immunity.  See
F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994).  Sovereign immunity
is a limit on subject matter jurisdiction.  Id.  Fowl must
demonstrate an applicable congressional waiver of immunity to be
able to proceed with its claims against FEMA.  The complaint
states that the claim for insurance benefits under an NFIP policy
arises under the provisions of the National Flood Insurance Act
of 1968 ("NFIA"), 42 U.S.C. 4001 et seq.  Rec. Doc. 1, at 1.

     The NFIA permits the federal government to facilitate the
purchase by interested persons of flood insurance policies for
property.  42 U.S.C. § 4011(a).  NFIP flood insurance policies
may be "direct" policies (as FEMA calls them in its memorandum)
or WYO policies.  A "direct" policy is one purchased by direct
application to FEMA.  See 44 C.F.R. § 62.3(a) (the "Federal
Insurance Administrator" may accept responsibility for delivery

                                 6

of policies and payment of claims for losses); 42 U.S.C. § 4129
(establishing the "Federal Insurance Administrator" as a position
in FEMA).  A WYO policy is issued by a private insurer.  See 44
C.F.R. § 62.23(a) (permitting the Federal Insurance Administrator
to enter into arrangements with private sector insurance
companies or other insurers for such insurers to offer insurance
coverage to eligible applicants); id. § 62.23(b) (defining such a
company as a "WYO Company").  For a WYO policy issued by a WYO
Company, FEMA does not make payment decisions.  Instead, the WYO
Company arranges for "the adjustment, settlement, payment and
defense of all claims arising from policies of flood insurance it
issues under the Program, based upon the terms and conditions of
the Standard Flood Insurance Policy."  Id. § 62.23(d).  WYO
Companies are not general agents of FEMA; they are "solely
responsible for their obligations to their insured under any
flood insurance policies issued under agreements entered into
with the Federal Insurance Administrator . . . .".  Id. §
62.23(g).

    Applying this law to the facts of the case, to the extent
the Policy is a WYO policy, FEMA has no obligation to pay claims
because it is not an insurer.  Fowl seems to suggest in its
opposition memorandum that it has pleaded in its complaint that

7

the Policy imposes an insurance obligation upon FEMA.  However, the Court may resolve whether or not FEMA is an insurer in order to determine whether Congress has waived sovereign immunity as to a case presenting the facts at hand, such that the Court has jurisdiction over the claims against FEMA.  The Court may resolve any factual disputes about whether it has subject matter jurisdiction.  <u>Krim</u>, 402 F.3d at 494.

The complaint asserts that the Policy states that FEMA provides flood insurance and will pay for loss caused by flood and avers that, accordingly, FEMA is an additional insurer under the Policy.  Rec. Doc. 1, at 2, ¶ IV.[9]  The Court is not persuaded by Fowl's argument that jurisdiction is present because FEMA is an additional insurer under the Policy.  First, the reference to the alleged policy provision that FEMA pays for losses and provides flood insurance does not necessarily indicate that FEMA is an insurer under the Policy.  That FEMA pays for losses is true only for "direct" policies (as discussed previously), and also may be related to the NFIA provision that the federal government pays NFIP claims from the Treasury.[10]

_____

[9] <u>See</u> <u>also</u> Rec. Doc. 1, at 4, ¶ XII (asserting that the Policy was issued by Fidelity and also insured by FEMA).

[10] <u>See</u> 42 U.S.C. § 4017(a) (The Director shall establish in the U.S. Treasury a fund to carry out the flood insurance program, which shall be available to make flood insurance payments).

Further, that FEMA "provides" flood insurance does not
necessarily make it an insurer.  This is true of WYO policies,
concerning which FEMA's role is to serve in a fiduciary capacity;
the private insurer remains solely responsible to the insured.
44 C.F.R. § 62.23(f),(g).[11]  Second, FEMA submits the affidavit
of Karen Christian, Insurance Examiner for the NFIP, who avers
that Fowl did not apply for or purchase a flood insurance policy
from FEMA and that Fidelity, not FEMA, issued the Policy.  Rec.
Doc. 9-3, at 2, ¶¶ 5-6.  Fowl submits no contrary evidence with
its opposition.

It is beyond reasonable dispute that the Policy is a WYO
policy.  As a result, that there is no waiver of sovereign
immunity in this case is clear from the text of the federal
regulations:

> A WYO Company issuing flood insurance coverage shall
> arrange for the adjustment, settlement, payment and
> defense of all claims arising from policies of flood
> insurance it issues under the Program, based upon the
> terms and conditions of the Standard Flood Insurance
> Policy.
> ***
> A WYO Company shall act as a fiscal agent of the
> Federal Government, but not as its general agent. WYO
> Companies are solely responsible for their obligations
> to their insured under any flood insurance policies

---

[11] Additionally, Fowl only refers to the Policy in its complaint, but
has not submitted any portions thereof along with its memorandum in opposition
to the motion to dismiss.

9

issued under agreements entered into with the Federal
Insurance Administrator, such that the Federal
Government is not a proper party defendant in any
lawsuit arising out of such policies.

44 C.F.R. § 62.23(d),(g).  As the statute provides, the NFIA
waiver of immunity is only for "direct" FEMA policies, which FEMA
adjusts, makes payment upon, or disallows.[12]  The jurisprudence
in this district has consistently held that where an insured
desires to bring a claim alleging coverage under a WYO policy,
FEMA is not a real party in interest because Congress, via the
NFIA, has only waived FEMA's sovereign immunity with respect to
flood insurance policies that FEMA has issued.  See Kronenberg v.
Fidelity Nat'l Ins. Co., No. 07-4877, 2008 WL 631277, at *2 (E.D.
La. Mar. 5, 2008) (FEMA not a real party of interest where

––––––––––––––––––––––

[12] The statute provides:

In the event the program is carried out as provided in section
4071 of this title, *the Director shall be authorized to adjust and
make payment of any claims for proved and approved losses covered
by flood insurance, and* upon the disallowance by the Director of
any such claim, or upon the refusal of the claimant to accept the
amount allowed upon any such claim, *the claimant*, within one year
after the date of mailing of notice of disallowance or partial
disallowance by the Director, *may institute an action against the
Director on such claim in the United States district court* for the
district in which the insured property or the major part thereof
shall have been situated, *and original exclusive jurisdiction is
hereby conferred upon such court to hear and determine such action
without regard to the amount in controversy.*

42 U.S.C. § 4072 (emphasis added).  "Section 4071" provides for the federal
government's direct involvement in flood insurance operations.  42 U.S.C. §
4071(a).  The "Director" is the Administrator of FEMA.  42 U.S.C. §
4003(a)(6).

plaintiffs did not obtain their policy from FEMA and where FEMA
played no part in adjusting or denying plaintiffs' claims because
the WYO carrier, Fidelity, was responsible for adjustment,
settlement, payment and defense of all claims arising from flood
insurance policies that are issued under the NFIP); <u>Wiedemann v.
Harleysville Mut. Ins.</u>, No. 06-4723, 2006 WL 3462926, at *1 (E.D.
La. Nov. 28, 2006) (where plaintiff purchased flood insurance
policy from private insurer and member of WYO program and where
FEMA did not issue policy or adjust or deny any claim made on the
policy, FEMA was not a proper party to the action); <u>Gumpert v.
Allstate Ins. Co.</u>, No. 97-1531, 1997 WL 538003, at *2-4 (E.D. La.
Aug. 26, 1997) (WYO company was the real and only party in
interest and was solely liable for coverage; FEMA did not fit
within waiver of sovereign immunity where it was undisputed that
no claim was ever submitted or denied under a "FEMA-direct"
SFIP).  Because Fidelity, not FEMA, issued and made coverage
decisions on the Policy, FEMA's immunity has not been waived as
to the instant legal controversy; and the Court lacks subject
matter jurisdiction to render a decision as to FEMA.

The Court is not persuaded by Fowl's argument that by
rendering an appeal decision that wholly substituted a new
decisional basis for Fidelity's grounds for nonpayment, FEMA has

11

"disallowed" a claim within the meaning of the statutory waiver of immunity.  First, as a general matter, that FEMA reviewed Fidelity's decision on appeal and rendered a decision does not constitute a "disallowance" of the claim within the meaning of the statutory waiver of sovereign immunity.  The waiver provides that "upon the *disallowance* by the Director of" a claim, the claimant may sue the Director on the claim in federal court, which has original exclusive jurisdiction.  42 U.S.C. § 4072 (emphasis added).  To sue FEMA, Fowl would have to demonstrate that FEMA's appeal decision is a claim "disallowance."  Fowl cannot make this showing.  Federal regulations provide that an NFIP policyholder, whether insured by a participating WYO insurer or directly by FEMA, may appeal a decision on a claim.  44 C.F.R. § 62.20(b).  The "decision" on the claim is defined as the insurer's final claim determination, and the "appeal decision" is FEMA's disposition of the appeal.  Id. § 62.20(a).[13]  This disposition of the appeal constitutes FEMA acting in an administrative review capacity, not as an insurer that denies a claim.  Mertz v. FEMA, Dep't of Homeland Sec., No. 10-CV-260-AC, 2011 WL 3563113, at *5 (D. Or. Feb. 14, 2011), adopted by 2011 WL

---

[13]  "Appeal decision means the disposition of the appeal by the Federal Insurance Administrator."  44 C.F.R. § 62.20(a).  The "Federal Insurance Administrator" is a statutorily created FEMA position.  42 U.S.C. § 4129.

3563130 (D. Or. Aug. 10, 2011); <u>Bruno v. Paulison</u>, 2009 WL
377300, at *6 (D. Md. Feb. 12, 2009).  Thus, FEMA did not
"disallow" Fowl's claim on appeal within the meaning of the
statutory waiver of immunity.

Second, even to the extent FEMA's affirmance on appeal of
Fidelity's decision was based upon a different rationale from
that of Fidelity, the appeal decision was not a "disallowance" of
the claim within the meaning of the statute.  The FEMA letter
containing the appeal decision, after reciting the basic facts
and Fidelity's denial of the supplemental claim at issue,
proceeds to include the following verbiage to which Fowl objects:

> Fidelity has already paid to repair the soil washout
> resulting from direct physical loss by or from flood.
> To the extent the repair contractor either failed to
> assess what was necessary for the repair or did not
> properly execute the repair, the responsibility lies
> with the contractor.  Neither Fidelity nor the National
> Flood Insurance Program warrants the work of
> contractors hired by insured parties and paid for with
> policy proceeds.
>
> On the basis of all information provided by the parties
> involved in this matter, FEMA upholds Fidelity's denial
> of payment.  No further administrative review will be
> provided. . . .

Rec. Doc. 10, at 6.  Fowl acknowledges that it views FEMA's
appeal decision as containing factual misrepresentations within
the meaning of state insurance law cited in the complaint.  That

13

Fowl disagrees with the appeal decision does not create federal jurisdiction.  Fowl cites no authority for the proposition that an administrative adjudicator loses its appellate nature by affirming a lower-level decision on different grounds.  Fowl does not carry its burden of proving an applicable waiver of sovereign immunity, and the claims against FEMA must be dismissed.

For the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss (Rec. Doc. 9) is **GRANTED** and that Fowl, Inc.'s claims against defendants the United States of America and the Federal Emergency Management Agency are hereby **DISMISSED WITH PREJUDICE** for want of subject matter jurisdiction.

New Orleans, Louisiana, this 23rd day of May, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

14