UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FOWL, INC.                                          CIVIL ACTION

VERSUS                                              NO: 12-283

FIDELITY NATIONAL PROPERTY                          SECTION: "J"(2)
AND CASUALTY INSURANCE CO.
ET AL

**ORDER AND REASONS**

Before the Court are the United States of America and the Federal Emergency Management Agency's Motion to Dismiss (Rec. Doc. 9), Fowl, Inc.'s opposition to same (Rec. Doc. 11), and the movants' reply (Rec. Doc. 15).  The motion is set for hearing on May 23, 2012 on supporting memoranda and without oral argument. Having considered the motion and legal memoranda, the record, and the applicable law, the Court now issues its ruling.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Plaintiff Fowl, Inc. ("Fowl") brings the instant lawsuit under a Standard Flood Insurance Policy ("SFIP") issued pursuant to the National Flood Insurance Program ("NFIP").  The NFIP is

1

administered by defendant the Federal Emergency Management Agency ("FEMA") with the assistance of the private insurance industry. Under the Write-Your-Own ("WYO") Program, private insurance companies issue SFIPs.[1]  WYO insurance companies market and sell the policies, and the federal government acts as guarantor.[2] Fowl purchased a WYO flood insurance policy under the NFIP (the "Policy") from defendant Fidelity National Property and Casualty Insurance Co. ("Fidelity").

The basis of the lawsuit is Fidelity's denial of a supplemental insurance claim made by Fowl for damage it alleges resulted from Hurricane Gustav in September 2008.  The complaint sets forth the following alleged facts.  At the time of Hurricane Gustav's impact, Fowl's Policy with Fidelity was in effect.[3]  The Policy insured Fowl against the risk of loss to its property, a camp in Harlem, Louisiana.  Gustav damaged the foundation of the camp, and when Fowl filed a claim with Fidelity, the latter paid the claim for damage, which had required the replacement of

---

[1] See generally 44 C.F.R. § 62.23.

[2] See 44 C.F.R. § 62.23(f) ("*To facilitate the marketing of flood insurance coverage* under the Program to policyholders of WYO Companies, the Federal Insurance Administrator will enter into arrangements with such companies whereby *the Federal Government will be a guarantor in which the primary relationship between the WYO Company and the Federal Government will be one of a fiduciary nature.*") (emphasis added).

[3] Rec. Doc. 1, at 2, ¶ III.  Fowl avers that FEMA is as additional insurer.  Id., ¶ IV.

washed away mud.[4]  When the building subsequently was seen to be sinking, Fowl had the foundation further stabilized at a cost of $130,760.88 and made a supplemental claim to Fidelity, who denied the supplemental claim.[5]  Fowl appealed Fidelity's denial of coverage to FEMA, and FEMA denied the appeal approximately one month later.[6]  As a result, Fowl filed the instant lawsuit on January 27, 2012, seeking $130,760.88 together with statutory penalties, costs, and interest.[7]

## THE PARTIES' ARGUMENTS

FEMA moves for dismissal on the grounds that the Court has no subject matter jurisdiction over the claims against it because there is no applicable waiver of sovereign immunity in this case. FEMA avers that Fowl purchased its policy directly from Fidelity, who participates in the WYO program.  Therefore, it argues, FEMA is not a proper party defendant in this lawsuit, which arises from a WYO flood insurance policy.  Additionally, FEMA argues that its administrative review of Fidelity's denial of Fowl's

---

[4] Rec. Doc. 1, at 3, ¶ VI.

[5] Rec. Doc. 1, at 3, ¶¶ VII-IX.

[6] Rec. Doc. 1, at 3, ¶¶ X-XI.

[7] Rec. Doc. 1, at 5-6.

3

claim does not make FEMA amenable to suit.  It argues that its administrative review does not create a new denial or trigger a waiver of sovereign immunity.

In opposition, Fowl argues that the complaint validly states two grounds for its claim against FEMA, one alleging that FEMA is an insurer under the Policy and another that FEMA misrepresented pertinent facts relating to coverage in its letter affirming Fidelity's denial of coverage.  As to the latter ground, Fowl argues that FEMA's stated basis for its appeal decision lacks any basis in fact.[8]  Fowl argues that where FEMA went completely outside of Fidelity's decisional basis for denying coverage, and substituted a wholly new basis for denial of the claim, FEMA's appeal decision amounted to a "disallowance" of the claim within the contemplation of a statutory waiver of sovereign immunity. At the very least, Fowl argues, discovery is warranted to investigate FEMA's internal rationale for its appeal decision, in order to determine whether FEMA is susceptible to suit.

---

[8] Fowl refers to FEMA's statement, "To the extent the repair contractor either failed to assess what was necessary for the repair or did not properly execute the repair, the responsibility lies with the contractor."  Rec. Doc. 11, at 1-2.  Fowl asserts that FEMA sought no expertise to justify a belief that the repair contractor was remiss in any way.  Id. at 2.

**LEGAL STANDARD**

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). United States v. City of New Orleans, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v.

U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

## DISCUSSION

Federal agencies, such as FEMA, are shielded from suit by sovereign immunity, absent an applicable waiver of immunity. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Sovereign immunity is a limit on subject matter jurisdiction. Id. Fowl must demonstrate an applicable congressional waiver of immunity to be able to proceed with its claims against FEMA. The complaint states that the claim for insurance benefits under an NFIP policy arises under the provisions of the National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. 4001 et seq. Rec. Doc. 1, at 1.

The NFIA permits the federal government to facilitate the purchase by interested persons of flood insurance policies for property. 42 U.S.C. § 4011(a). NFIP flood insurance policies may be "direct" policies (as FEMA calls them in its memorandum) or WYO policies. A "direct" policy is one purchased by direct application to FEMA. See 44 C.F.R. § 62.3(a) (the "Federal Insurance Administrator" may accept responsibility for delivery

6

of policies and payment of claims for losses); 42 U.S.C. § 4129 (establishing the "Federal Insurance Administrator" as a position in FEMA). A WYO policy is issued by a private insurer. See 44 C.F.R. § 62.23(a) (permitting the Federal Insurance Administrator to enter into arrangements with private sector insurance companies or other insurers for such insurers to offer insurance coverage to eligible applicants); id. § 62.23(b) (defining such a company as a "WYO Company"). For a WYO policy issued by a WYO Company, FEMA does not make payment decisions. Instead, the WYO Company arranges for "the adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issues under the Program, based upon the terms and conditions of the Standard Flood Insurance Policy." Id. § 62.23(d). WYO Companies are not general agents of FEMA; they are "solely responsible for their obligations to their insured under any flood insurance policies issued under agreements entered into with the Federal Insurance Administrator . . . .". Id. § 62.23(g).

Applying this law to the facts of the case, to the extent the Policy is a WYO policy, FEMA has no obligation to pay claims because it is not an insurer. Fowl seems to suggest in its opposition memorandum that it has pleaded in its complaint that

7

the Policy imposes an insurance obligation upon FEMA.  However, the Court may resolve whether or not FEMA is an insurer in order to determine whether Congress has waived sovereign immunity as to a case presenting the facts at hand, such that the Court has jurisdiction over the claims against FEMA.  The Court may resolve any factual disputes about whether it has subject matter jurisdiction.  Krim, 402 F.3d at 494.

The complaint asserts that the Policy states that FEMA provides flood insurance and will pay for loss caused by flood and avers that, accordingly, FEMA is an additional insurer under the Policy.  Rec. Doc. 1, at 2, ¶ IV.[9]  The Court is not persuaded by Fowl's argument that jurisdiction is present because FEMA is an additional insurer under the Policy.  First, the reference to the alleged policy provision that FEMA pays for losses and provides flood insurance does not necessarily indicate that FEMA is an insurer under the Policy.  That FEMA pays for losses is true only for "direct" policies (as discussed previously), and also may be related to the NFIA provision that the federal government pays NFIP claims from the Treasury.[10]

---

[9] See also Rec. Doc. 1, at 4, ¶ XII (asserting that the Policy was issued by Fidelity and also insured by FEMA).

[10] See 42 U.S.C. § 4017(a) (The Director shall establish in the U.S. Treasury a fund to carry out the flood insurance program, which shall be available to make flood insurance payments).

8

Further, that FEMA "provides" flood insurance does not necessarily make it an insurer. This is true of WYO policies, concerning which FEMA's role is to serve in a fiduciary capacity; the private insurer remains solely responsible to the insured. 44 C.F.R. § 62.23(f),(g).[11] Second, FEMA submits the affidavit of Karen Christian, Insurance Examiner for the NFIP, who avers that Fowl did not apply for or purchase a flood insurance policy from FEMA and that Fidelity, not FEMA, issued the Policy. Rec. Doc. 9-3, at 2, ¶¶ 5-6. Fowl submits no contrary evidence with its opposition.

It is beyond reasonable dispute that the Policy is a WYO policy. As a result, that there is no waiver of sovereign immunity in this case is clear from the text of the federal regulations:

> A WYO Company issuing flood insurance coverage shall arrange for the adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issues under the Program, based upon the terms and conditions of the Standard Flood Insurance Policy.
> ***
> A WYO Company shall act as a fiscal agent of the Federal Government, but not as its general agent. WYO Companies are solely responsible for their obligations to their insured under any flood insurance policies

---

[11] Additionally, Fowl only refers to the Policy in its complaint, but has not submitted any portions thereof along with its memorandum in opposition to the motion to dismiss.

issued under agreements entered into with the Federal
Insurance Administrator, such that the Federal
Government is not a proper party defendant in any
lawsuit arising out of such policies.

44 C.F.R. § 62.23(d),(g). As the statute provides, the NFIA waiver of immunity is only for "direct" FEMA policies, which FEMA adjusts, makes payment upon, or disallows.[12] The jurisprudence in this district has consistently held that where an insured desires to bring a claim alleging coverage under a WYO policy, FEMA is not a real party in interest because Congress, via the NFIA, has only waived FEMA's sovereign immunity with respect to flood insurance policies that FEMA has issued. See <u>Kronenberg v. Fidelity Nat'l Ins. Co.</u>, No. 07-4877, 2008 WL 631277, at *2 (E.D. La. Mar. 5, 2008) (FEMA not a real party of interest where

---

[12] The statute provides:

In the event the program is carried out as provided in section 4071 of this title, *the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and* upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, *the claimant*, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, *may institute an action against the Director on such claim in the United States district court* for the district in which the insured property or the major part thereof shall have been situated, *and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy*.

42 U.S.C. § 4072 (emphasis added). "Section 4071" provides for the federal government's direct involvement in flood insurance operations. 42 U.S.C. § 4071(a). The "Director" is the Administrator of FEMA. 42 U.S.C. § 4003(a)(6).

plaintiffs did not obtain their policy from FEMA and where FEMA played no part in adjusting or denying plaintiffs' claims because the WYO carrier, Fidelity, was responsible for adjustment, settlement, payment and defense of all claims arising from flood insurance policies that are issued under the NFIP); Wiedemann v. Harleysville Mut. Ins., No. 06-4723, 2006 WL 3462926, at *1 (E.D. La. Nov. 28, 2006) (where plaintiff purchased flood insurance policy from private insurer and member of WYO program and where FEMA did not issue policy or adjust or deny any claim made on the policy, FEMA was not a proper party to the action); Gumpert v. Allstate Ins. Co., No. 97-1531, 1997 WL 538003, at *2-4 (E.D. La. Aug. 26, 1997) (WYO company was the real and only party in interest and was solely liable for coverage; FEMA did not fit within waiver of sovereign immunity where it was undisputed that no claim was ever submitted or denied under a "FEMA-direct" SFIP). Because Fidelity, not FEMA, issued and made coverage decisions on the Policy, FEMA's immunity has not been waived as to the instant legal controversy; and the Court lacks subject matter jurisdiction to render a decision as to FEMA.

The Court is not persuaded by Fowl's argument that by rendering an appeal decision that wholly substituted a new decisional basis for Fidelity's grounds for nonpayment, FEMA has

"disallowed" a claim within the meaning of the statutory waiver of immunity. First, as a general matter, that FEMA reviewed Fidelity's decision on appeal and rendered a decision does not constitute a "disallowance" of the claim within the meaning of the statutory waiver of sovereign immunity. The waiver provides that "upon the *disallowance* by the Director of" a claim, the claimant may sue the Director on the claim in federal court, which has original exclusive jurisdiction. 42 U.S.C. § 4072 (emphasis added). To sue FEMA, Fowl would have to demonstrate that FEMA's appeal decision is a claim "disallowance." Fowl cannot make this showing. Federal regulations provide that an NFIP policyholder, whether insured by a participating WYO insurer or directly by FEMA, may appeal a decision on a claim. 44 C.F.R. § 62.20(b). The "decision" on the claim is defined as the insurer's final claim determination, and the "appeal decision" is FEMA's disposition of the appeal. Id. § 62.20(a).[13] This disposition of the appeal constitutes FEMA acting in an administrative review capacity, not as an insurer that denies a claim. Mertz v. FEMA, Dep't of Homeland Sec., No. 10-CV-260-AC, 2011 WL 3563113, at *5 (D. Or. Feb. 14, 2011), adopted by 2011 WL

---

[13] "Appeal decision means the disposition of the appeal by the Federal Insurance Administrator." 44 C.F.R. § 62.20(a). The "Federal Insurance Administrator" is a statutorily created FEMA position. 42 U.S.C. § 4129.

3563130 (D. Or. Aug. 10, 2011); Bruno v. Paulison, 2009 WL 377300, at *6 (D. Md. Feb. 12, 2009). Thus, FEMA did not "disallow" Fowl's claim on appeal within the meaning of the statutory waiver of immunity.

Second, even to the extent FEMA's affirmance on appeal of Fidelity's decision was based upon a different rationale from that of Fidelity, the appeal decision was not a "disallowance" of the claim within the meaning of the statute. The FEMA letter containing the appeal decision, after reciting the basic facts and Fidelity's denial of the supplemental claim at issue, proceeds to include the following verbiage to which Fowl objects:

> Fidelity has already paid to repair the soil washout resulting from direct physical loss by or from flood. To the extent the repair contractor either failed to assess what was necessary for the repair or did not properly execute the repair, the responsibility lies with the contractor. Neither Fidelity nor the National Flood Insurance Program warrants the work of contractors hired by insured parties and paid for with policy proceeds.
>
> On the basis of all information provided by the parties involved in this matter, FEMA upholds Fidelity's denial of payment. No further administrative review will be provided. . . .

Rec. Doc. 10, at 6. Fowl acknowledges that it views FEMA's appeal decision as containing factual misrepresentations within the meaning of state insurance law cited in the complaint. That

13

Fowl disagrees with the appeal decision does not create federal jurisdiction.  Fowl cites no authority for the proposition that an administrative adjudicator loses its appellate nature by affirming a lower-level decision on different grounds.  Fowl does not carry its burden of proving an applicable waiver of sovereign immunity, and the claims against FEMA must be dismissed.

For the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss (Rec. Doc. 9) is **GRANTED** and that Fowl, Inc.'s claims against defendants the United States of America and the Federal Emergency Management Agency are hereby **DISMISSED WITH PREJUDICE** for want of subject matter jurisdiction.

New Orleans, Louisiana, this 23rd day of May, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE