UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FOWL, INC.                                          CIVIL ACTION

VERSUS                                              NO: 12-283

FIDELITY NATIONAL PROPERTY                          SECTION: "J" (2)
AND CASUALTY INSURANCE CO.

### ORDER AND REASONS

Before the Court are Defendant's **Motion for Summary Judgment (Rec. Doc. 31)**, Plaintiff's opposition thereto **(Rec. Doc. 38)**, and Defendant's reply to same **(Rec. Doc. 41)**. Also before the Court are Plaintiff's **Motion for Partial Summary Judgment (Rec. Doc. 36)** and Defendant's opposition thereto **(Rec. Doc. 37)**. The parties motions are set for hearing on January 30, 2013, on the briefs. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion (Rec. Doc. 31) should be **GRANTED** and, consequently, that Plaintiff's motion (Rec. Doc. 36) should be **DENIED AS MOOT** for the reasons set out below.

Plaintiff Fowl, Inc., the holder of a Standard Flood Insurance Policy ("SFIP"), filed the instant suit to recover additional insurance proceeds from its flood insurance policy provider, Fidelity National Property and Casualty Insurance Co. ("Fidelity").[1] However, prior to filing suit, Plaintiff failed to comply with the provisions required by the SFIP. Specifically, Plaintiff failed to file a valid proof of loss statement for its additional insurance claim.[2]

The SFIP requires that policy holders submit a signed and sworn proof of loss within 60 days of the date of loss. 44 C.F.R. § 61, App. A(2), Art. VII(J)(4). The United States Court of Appeals for the Fifth Circuit has held that failure to timely submit a signed and sworn proof of loss acts as a complete bar to

---

[1] Fidelity is a Write-Your-Own Program carrier participating in the United States' National Flood Insurance Program, which is administered by the Federal Emergency Management Agency. Plaintiff originally included the United States of America and the Federal Emergency Management Agency as Defendants in this suit; however, both Defendants were terminated on May 23, 2012 by Order of this Court. See May 23, 2013 Order and Reasons, Rec. Doc. 16.

[2] As noted in both Defendant's motion and Plaintiff's opposition, Plaintiff filed a proof of loss statement for its first insurance claim related to Hurricane Gustav on December 2, 2008 for $14, 441.75. Fidelity paid this claim. However, on December 7, 2009, more than a year later, Plaintiff sent notice to Fidelity of an additional/supplemental claim in the amount of $130, 760.88. Fidelity and, on appeal, FEMA denied Plaintiff's claim. Plaintiff then filed the instant suit contesting payment of the additional $130, 760.88 claim. It is this additional amount for which Plaintiff did not file the proof of loss. In its opposition, Plaintiff does not argue that the later notice that was submitted to Fidelity and FEMA qualified as proof of loss. Rather, Plaintiff's opposition merely argues that proof of loss was not required for the additional claim, because the proof of loss submitted for the first claim was sufficient. Pl.'s Opp., Rec. Doc. 38, p. 2.

recovery. See, e.g., Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co., 542 F.3d 1053, 1056 (5th Cir. 2008). This rule applies not only to initial claims made by policyholders, but also to additional and/or supplemental claims filed with the policy provider. See, e.g., Richardson v. American Bankers Ins. Co., 279 Fed. Appx. 295, 298 (5th Cir. 2008) (affirming a grant of summary judgment where the district court dismissed plaintiff's case for failure to file a proof of loss for additional benefits sought post-Hurricane Katrina); Marseilles, 542 F.3d at 1056 (relying on Richardson when discussing the strict construction of the proof of loss requirement); Dogwood Grocery, Inc. v. South Carolina Ins. Co., 49 F. Supp. 2d 511, 513 (W.D. La. 1999) (holding that there is no substantive law to support the proposition that a subsequent amendment of a claim does not require a proof of loss). The proof of loss requirement can only be waived by the express consent of the Federal Insurance Administrator. 44 C.F.R. § 61.13 (d). Likewise, because insurance claims are paid from public funds, equitable estoppel arguments are generally foreclosed. Marseilles, 542 F. 3d. at 1056 (citations omitted).

Accordingly, Plaintiff's failure to file a valid proof of loss statement in connection with its additional claim precludes

3

this Court from ruling in its favor.[3] Given that Plaintiff's failure to comply with the provisions of the SFIP precludes it from prevailing in this suit, there exists no genuine issue of material fact, and Defendant is entitled to judgment as a matter of law.

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Rec. Doc. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 36) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 31st day of January, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff does attempt to argue in its opposition that it could not file a proof of loss by the time that it became aware of the additional claim because the deadline for filing proof of loss had already passed. The Court notes that (1) Plaintiff has provided no legal support for this argument, and (2) even if Plaintiff had provided support, the issue in this case is not whether Plaintiff's suit can proceed because Plaintiff's proof of loss was filed late, it is whether Plaintiff's suit can proceed when it never filed a proof of loss in the first place.